THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Grover Padgett, Appellant.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-205
Submitted April 1, 2006  Filed April 14, 2006   

APPEAL DISMISSED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia, for Appellant.
Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., Legal Counsel J. Benjamin Aplin, S.C. Dept. of Probation, Parole & Pardon, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Grover Padgett pleaded guilty to six counts of breach of trust.  The circuit court judge sentenced Padgett to ten years imprisonment for two of the charges and ten years imprisonment suspended upon the service of five years probation and payment of restitution for the remaining four counts.  While on probation, Padgett pleaded guilty to one count of forgery and was sentenced to time served. At the conclusion of the plea, the judge revoked Padgetts probation, sentenced him to six years imprisonment, and converted the remaining restitution to a civil judgment.   Padgett appeals the revocation of his probation.
Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Padgett attached to the final brief a petition to be relieved as counsel, stating she had reviewed the record and concluded Padgetts appeal is without legal merit sufficient to warrant a new trial.  Padgett did not file a separate pro se response.
After a thorough review of the record and brief pursuant to Anders and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss the appeal and grant counsels petition to be relieved.
APPEAL DISMISSED.[1]
 BEATTY, SHORT, and WILLIAMS, JJ., concur. 

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.